**GREENBERG TRAURIG, LLP**
George M. Belfield (SBN 100272)
Email: *belfieldg@gtlaw.com*
Nina D. Boyajian (SBN 246415)
Email: *boyajiann@gtlaw.com*
2450 Colorado Avenue, Suite 400 East
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendants
MADONNA LOUISE VERONICA CICCONE;
MATERIAL GIRL BRAND, LLC; MG ICON LLC;
and MACY'S RETAIL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA,

## WESTERN DIVISION

| | |
|---|---|
| L.A. TRIUMPH, INC., a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>MADONNA LOUISE VERONICA CICCONE, an individual; MATERIAL GIRL BRAND, LLC, a Delaware limited liability company; MG ICON, a Delaware limited liability company; MACY'S RETAIL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10,<br><br>                    Defendants. | CASE NO. CV 10-6195 SJO (JCx)<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE USE AND MAINTENANCE OF CONFIDENTIAL MATERIAL**<br><br>**[CHANGES MADE TO PARAGRAPH 5]** |

LA 129,132,787v2 11-3-10

The Court recognizes that, to protect the confidentiality of documents and other materials produced during discovery, Plaintiff L.A. Triumph, Inc. and Defendants Madonna Louise Veronica Ciccone, Material Girl Brand, LLC, MG Icon LLC, and Macy's Retail Holdings, Inc. (collectively, the "Parties") have agreed to be bound by the terms this Stipulated Protective Order Governing the Use of Confidential Material ("Order").

**GOOD CAUSE STATEMENT**: The Court agrees that good cause exists for the entry of this Order because some documents that are relevant to the claims and/or defenses involved in this action contain confidential financial information, sensitive business information, and, potentially trade secrets, the disclosure of which could harm the businesses involved.  This overriding interest overcomes any right the public may have to access this type of information, and, given the nature of the dispute and the high-profile parties involved, there is a substantial probability that the Parties' interest will be prejudiced if they are not permitted to file certain documents under seal.  The Parties have agreed to only designate the most sensitive and potentially harmful documents as confidential and to work in good faith to ensure that this Order remains narrowly tailored and limited in scope.

The provisions of this Order are set forth below:

**1.** ***Designated Materials***:  Any party in this action or any third-party witness shall have the right to designate any material produced during discovery (including exhibits, documents and things produced by any party or witness, electronic files, disks or DVDs, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts) which comprises or contains information which such party or witness claims in good faith to constitute trade secrets, confidential research (including market research, surveys, and demographic information), product development, the development and creation of advertising, commercial information (including business plans and license agreements), financial information (including sales and profit figures and advertising

1  expenditures) or personnel information as "CONFIDENTIAL".  Such materials are

2  referred to throughout this Order as "Designated Materials."

3      Information shall not be designated as Designated Materials, and shall not be

4  subject to any form of protection if it is, or becomes, public knowledge, as shown by

5  publicly available writings, other than through violation of the terms of this Order or as a

6  result of misappropriation from the disclosing party.  If a party disagrees with the other

7  party's designation, the party requesting the change in designation shall make such

8  request in writing to counsel for the other party.  The requested change shall occur and/or

9  the requested permission shall be granted, unless within ten (10) business days after such

10 notice is received by the other party, an objection is sent to the requesting party.  The

11 Parties shall attempt in good faith to resolve any such further dispute by agreement.  Any

12 dispute as to the propriety of a party's designation shall be governed by the provisions of

13 paragraph 15.

14      The failure to immediately challenge a designation shall not constitute

15 acquiescence to such designation and a challenge to such can be made at any time.

16      **2.**      ***Marking and Deposition Procedures*:**  Documents and other discovery

17 materials shall be designated by labeling such documents and materials in a visible

18 manner with an appropriate legend stamped or affixed thereto, or by a manner mutually

19 agreeable to the Parties if the materials cannot be readily so labeled.  Deposition

20 transcripts or portions thereof may be designated as confidential by a party or third-party

21 witness either:  (a) before the testimony is taken, in which case the portion of the

22 transcript of the designated testimony shall be bound in a separate volume and marked

23 "CONFIDENTIAL" by the reporter, as the designating party may direct; or (b) by written

24 notice to the reporter and all counsel of record, given within twenty (20) business days

25 after the reporter sends written notice to the deponent or the deponent's counsel that the

26 transcript is available for review, in which case all counsel receiving such notice shall be

27 responsible for marking the copies of the designated transcript or portion thereof in their

28 possession or control as directed by the designating party or witness.  Pending expiration

2

STIPULATED PROTECTIVE ORDER GOVERNING
THE USE AND MAINTENANCE OF CONFIDENTIAL MATERIAL

*LA 129,132,787v2 11-3-10*

1  of the twenty business days, all Parties and, if applicable, any third-party witnesses or
2  attorneys, shall treat the deposition transcript as if it had been designated
3  "CONFIDENTIAL".  No person shall attend the designated portions of such depositions
4  unless such person is an authorized recipient of Designated Materials under the terms of
5  this Order.

6       **3.**    ***Restriction on Disclosure and Use***:  No person may use or disclose
7  Designated Materials or information derived from such materials (excluding information
8  which is derived lawfully from an independent source) except for purposes of this action
9  and as set forth in this or any further order of the court; but nothing contained in this
10  Order shall affect the right of a party or other witness to use its own Designated Materials
11  as it sees fit.  In addition, and without limiting the foregoing, except as provided in
12  paragraphs 4 and 9, no receiving party, including any consultants or employees of a
13  receiving party, shall be given access to Designated Materials of any producing party, nor
14  shall the contents or substance of any Designated Materials be disclosed to any such
15  person.

16       **4.**    ***Access – "CONFIDENTIAL"***:  Designated Materials marked
17  "CONFIDENTIAL" shall be available only to (1) counsel of record for the named
18  Parties, their partners, associates and employees, (2) in-house counsel of the named
19  Parties in this action, and (3) the named Parties to this action (including current officers
20  and employees).  Materials marked "CONFIDENTIAL" may also be disclosed to outside
21  consultants if the consultant is not already otherwise retained by the party outside the
22  context of this litigation, but only after the outside consultant signs a copy of the
23  Acknowledgement of Confidentiality Order in the form of Exhibit "A" attached hereto,
24  including all the information to be completed therein, and agrees to be bound by all terms
25  and conditions of this Order.  Counsel to whom Designated Materials are produced shall
26  keep in his or her files an original of each such signed Acknowledgement of
27  Confidentiality Order.
28

STIPULATED PROTECTIVE ORDER GOVERNING
THE USE AND MAINTENANCE OF CONFIDENTIAL MATERIAL

*LA 129,132,787v2 11-3-10*

**5.**     *Procedures for Filing Designated Material*:  Designated Materials marked as "CONFIDENTIAL" may be included with, or referred to in, papers filed with the Court where this case is now pending or in any subsequent appellate courts only in accordance with the following procedures:

(a)  If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; the application must show good cause  or compelling reasons (depending upon the procedural context) for the under seal filing. The application shall be directed to the Judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

(b)  The documents  marked as "CONFIDENTIAL" must be submitted for filing under seal or lodged with the court in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER--NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES."

(c)  All papers filed with the court, including but not limited to pleadings and memoranda of law, which quote, incorporate, refer to, or cite information set forth in Designated Materials marked as "CONFIDENTIAL" must be submitted for filing under seal or lodged with the court in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraphs 5(a)-(b). Counsel for the Parties shall be responsible for designating all papers filed with the court as "CONFIDENTIAL" depending on the contents of the papers being filed.  Such papers shall be subject to the terms of this Order to the same extent as the Designated Materials described in paragraphs 1 through 4.

(d)  All materials and papers submitted for filing under seal or lodged with the court much clearly be marked "filed under seal" or "lodged with the court."

(e)  In addition to the copy lodged with the court, a copy of all sealed materials and papers must be served on opposing counsel.  Counsel for all Parties shall be obligated to retain a copy of all sealed materials in the event of an appeal.

(f)  At the conclusion of scheduled hearings, the party filing documents under seal shall request permission to retrieve them from the court and retain them intact.  In the event of an appeal, the party preparing the record extract shall separately bind all materials or papers filed under seal which are designated for inclusion in the record extract.  By joint motion, the Parties shall request that the sealed contents of the record extract be sealed, lodged with the court or otherwise segregated from public inspection in accordance with the local rules of court.  The procedures set forth in this paragraph shall be repeated for all documents and papers filed under seal in each court where a hearing, proceeding, or appeal is docketed.

(g)  Prior to including or referring to any Designated Materials in a court filing, the Parties agree to meet and confer to discuss appropriate procedures for the filing and whether any stipulations can be reached that would either obviate the need for inclusion of or reference to Designated Materials in the filing or support a request to file Designated Materials under seal.

**6.**     ***Redacted Filings***:  The Parties shall request that redacted versions of materials or papers may be filed under seal or lodged with the court in accordance with normal procedures and made publicly available provided that:

(a)  All references to Designated Materials are deleted or obscured and all Designated Materials are removed as exhibits; and

(b)  Redacted versions are clearly marked "Public Version Confidential Material Omitted."  Redacted versions must also clearly identify each place where information or exhibits have been deleted.

**7.**     ***Agreement***:  In no event shall any Designated Materials, papers, or information derived directly from either source be disclosed to any person other than those who have agreed to be bound by the terms of this Order (or court personnel) except

by order of the Court or by written stipulation of the Parties.  All persons entitled under this Order to receive Designated Materials, except counsel for the Parties,  their regularly employed staffs, and Court personnel, shall represent their willingness to be bound by this Order on behalf of themselves and the named party for whom they are employed.

      **8.**  ***Disclosure to Authors and Previous Recipients***:  The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing such document to any person who appears as the author or as a recipient on the face of the document.  This paragraph applies only to Designated Materials, and does not permit disclosure of confidential court papers except as set forth elsewhere in this Order.

      **9.**  ***Procedure for Seeking Additional Disclosures***:  Prior to disclosure of any Designated Material other than as provided in paragraphs 3, 4 and 8 above, counsel desiring to make such disclosure shall first provide ten (10) business days prior written notice of his or her intent to make such disclosure to counsel for the designating party or third-party witness, stating therein the specific material to be disclosed and the name, address, and position of the person to whom such disclosure is to be made.  If within this ten (10) business day period the designating party or third-party witness gives written notification of an objection to the disclosure to counsel desiring to make the disclosure, no disclosure shall be made except by order of the Court.  In the event of such a dispute regarding the designation or disclosure of confidential information, the procedure for obtaining a decision from the Court shall be that set forth in Local Rule 37.  If the Parties wish to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request. The Parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal.  *Prior* to any disclosure, other than as provided in paragraphs 3, 4, and 8 above, the person to whom the proposed disclosure shall be made must sign a copy of the Acknowledgement of Confidentiality Order set forth as Exhibit A to this Order, and agree to be bound by all terms and conditions of this Order.  The acknowledgement shall

be retained by counsel for the party obtaining it, and distributed upon final disposition of this action as set forth in paragraph 14 below.

**10.** ***Subpoena of Designated Material***:  If a party in possession of Designated Materials receives a subpoena from a non-party to this Order seeking production or other disclosure of Designated Materials, that party shall, unless legally prohibited, give immediate notice to counsel for the party that designated the materials "CONFIDENTIAL" so that the designating party can intervene on its own behalf.  In addition, unless legally prohibited under no circumstances may any production or disclosure of Designated Materials take place without giving written notice to counsel for the designating party at least seven (7) business days prior to production or disclosure. Such notice should state the Designated Materials sought and enclose a copy of the subpoena.

**11.** ***Responsibility of Attorneys***:  Counsel of record shall be responsible for providing a copy of this Order to all persons entitled to review Designated Materials pursuant to paragraphs 3, 4, and 8 above, and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials and papers so designated. No person shall duplicate any Designated Materials except as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel or Court personnel for use as working copies.

**12.** ***Disclosure of Designated Materials at Trial or Pretrial Hearings***:

(a)  Pretrial Hearings:  If a party anticipates that it may disclose any Designated Materials at a pretrial hearing in this action, it shall give at least forty-eight (48) hours notice to the court and all other Parties of such anticipated disclosure specifying that the information disclosed is designated as "CONFIDENTIAL".  When such notice has been given, counsel shall join in a request for an in camera or similarly confidential proceeding during the disclosure of the Designated Materials.  The requirement of advance notice shall not apply to a disclosure of Designated Materials in rebuttal or response to another party's oral argument at the hearing where the need for such

1  disclosure could not be reasonably anticipated in advance of the hearing, or to Designated

2  Materials previously filed under seal.  However, prior to disclosing any information

3  designated as "CONFIDENTIAL" in a reply or rebuttal argument, counsel shall inform

4  the court and opposing counsel of his or her intention to do so and of the designation of

5  the information to be disclosed.  He or she shall then request, or give counsel for the

6  designating party the opportunity to request, an in camera or similarly confidential

7  proceeding during the disclosure of the designated information.

8  (b)  Trial:  Once a case proceeds to trial, all of the information that was designated

9  as confidential and/or kept and maintained pursuant to the terms of a protective order

10  becomes public and will be presumptively available to all members of the public,

11  including the press, unless good cause is shown to the Judge in advance of the trial to

12  proceed otherwise.

13  **13.**   ***Reference to this Order at Trial***:  The Parties shall jointly move for an order

14  *in limine* prohibiting any reference at the trial of this matter in the presence of a jury to

15  the existence of this Order or to the effect that certain information is subject to this Order.

16  **14.**   ***Final Disposition***:  Upon the final disposition of this action, the attorneys

17  for the Parties shall return any materials or papers filed with the Court which are

18  designated "CONFIDENTIAL" to the party or witness from whom they were obtained or

19  destroy all such materials, papers, disks and DVDs, and all copies of such materials,

20  papers, disks and DVDs, pursuant to the instructions of the designating party, unless

21  otherwise agreed to by the designating party or ordered by the court.  Counsel of record,

22  however, shall be entitled to maintain one set of materials and papers filed with the court

23  which may contain or refer to Designated Materials.  If no instructions are received, all

24  Designated Materials and papers may be destroyed 180 days after the conclusion of a

25  final nonappealable judgment or determination.  When Designated Material or papers

26  have been destroyed pursuant to this provision, a certificate of destruction shall be

27  prepared and provided to counsel for the opposing party indicating that such material has

28  been destroyed.  In addition, upon final disposition of this action, counsel of record shall

1  furnish copies of all signed acknowledgements obtained in accordance with the

2  provisions of paragraphs 3, 4, and 8 above to all other counsel of record.

3       **15.**   ***Procedure for Modification of Order/Objection to Designation***:  No party

4  to this action shall be obligated to challenge the propriety of any designation by any other

5  party or witness, and a failure to do so shall not constitute a waiver or in any way

6  preclude a subsequent challenge in this or any other action to the propriety of such

7  designation.  Any party objecting to the designation of any information as

8  "CONFIDENTIAL" must give counsel for the designating party written notice of its

9  reasons for the objection and within ten (10) business days of such notice meet and

10 confer with counsel for the designating party in a good faith effort to resolve their

11 differences.  Failing resolution within this ten (10) business day period, the designation

12 will automatically terminate 21 days after an objection to the designation is first received

13 and the material will be deemed not "CONFIDENTIAL" unless the designating party

14 brings a motion with the Court to have the material deemed "CONFIDENTIAL."  The

15 Court may modify or amend this Order as it deems appropriate.

16      **16.**   ***Effective Date***:  This Order shall be effective on the date of its execution.

17      **17.**   ***Termination***:  The termination of this action shall not automatically

18 terminate the effectiveness of this Order and persons subject to this Order shall be bound

19 by the confidentiality obligations of this Order until the designating party agrees

20 otherwise in writing or this Court (or any other court of competent jurisdiction) orders

21 otherwise.

22      **IT IS SO ORDERED.**

25 DATED:  December 28, 2010     By:_____/s/_____

26                   Honorable Jacqueline Chooljian

                   United States Magistrate Judge

STIPULATED PROTECTIVE ORDER GOVERNING
THE USE AND MAINTENANCE OF CONFIDENTIAL MATERIAL

*LA 129,132,787v2 11-3-10*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| L.A. TRIUMPH, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MADONNA LOUISE VERONICA CICCONE, an individual; MATERIAL GIRL BRAND, LLC, a Delaware limited liability company; MG ICON, a Delaware limited liability company; MACY'S RETAIL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10, <br><br> Defendants. | CASE NO. CV 10-6195 SJO (JCx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br><br> Judge: Hon. S. James Otero |

I acknowledge that I have been given a copy of, read, and understand the Stipulated Protective Order Governing the Use of Confidential Material ("Protective Order") entered in the above-captioned lawsuit.

I further acknowledge and agree to comply with the terms of the Protective Order and be bound by it. I acknowledge, understand, and agree that by receiving confidential information hereunder I am subject to penalty for contempt of court for any violation of the terms of the Protective Order.

Dated: _____

_____
Name of Individual to whom disclosure will be made

_____
Address, including County and State of Residence

1