**GREENBERG TRAURIG, LLP**
George M. Belfield (SBN 100272)
Email: *belfieldg@gtlaw.com*
Nina D. Boyajian (SBN 246415)
Email: *boyajiann@gtlaw.com*
Alana C. Srour (SBN 271905)
Email: *sroura@gtlaw.com*
2450 Colorado Avenue, Suite 400 East
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendants
MATERIAL GIRL BRAND, LLC; MG ICON LLC;
and MACY'S RETAIL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA,

# WESTERN DIVISION

| | |
|---|---|
| L.A. TRIUMPH, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MADONNA LOUISE VERONICA CICCONE, an individual; MATERIAL GIRL BRAND, LLC, a Delaware limited liability company; MG ICON, a Delaware limited liability company; MACY'S RETAIL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV 10-6195 SJO (JCx)<br><br>**AMENDED PROTECTIVE ORDER GOVERNING THE USE AND MAINTENANCE OF CONFIDENTIAL MATERIAL**<br><br>**[CHANGES MADE BY COURT]**<br><br><br><br>Judge: Hon. S. James Otero<br>Magistrate: Hon. Jacqueline Chooljian |

| | |
|---|---|
| 1 | **WHEREAS**, Plaintiff L.A. Triumph, Inc. and Defendants Material Girl Brand, LLC, MG Icon LLC, and Macy's Retail Holdings, Inc. (collectively, the "Parties") filed a Stipulated Protective Order, (Dkt 23), on December 13, 2010, and the Court entered a Stipulated Protective Order Governing the Use and Maintenance of Confidential Material, (Dkt 25), on December 28, 2010; |

**WHEREAS**, Plaintiff L.A. Triumph, Inc. and Defendants Material Girl Brand, LLC, MG Icon LLC, and Macy's Retail Holdings, Inc. (collectively, the "Parties") filed a Stipulated Protective Order, (Dkt 23), on December 13, 2010, and the Court entered a Stipulated Protective Order Governing the Use and Maintenance of Confidential Material, (Dkt 25), on December 28, 2010;

**WHEREAS**, it has become apparent that some documents sought by and produced by the Parties necessitate a higher level of protection due to their sensitive business nature;

**WHEREAS,** the parties have entered into a Joint Stipulation Re Amended Protective Order Governing the Use and Maintenance of Confidential Material ("Amended Stipulation"), concurrently filed herewith, providing for the designation of select documents as "ATTORNEYS' EYES ONLY".

**GOOD CAUSE STATEMENT**: The Court agrees that good cause exists for the entry of this Amended Protective Order Governing the Use and Maintenance of Confidential Material with respect to a select number of documents that the Parties represent will be produced in this action that contain confidential financial information, sensitive business information, and, trade secrets, the disclosure of which could harm the businesses involved, as the Parties here represent that they are, in certain respects, competitors in the same marketplace. Accordingly, the Court agrees to the addition of the designation "ATTORNEYS' EYES ONLY" to protect the following categories of documents: (1) Proprietary and confidential business plans that the other parties could utilize to their competitive advantage if they were provided access to them; (2) Proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and (3) Other types of proprietary and confidential trade secrets such as lists of customers not publicly known, technical information, cost information, and individual pricing information not either publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage.

1
AMENDED PROTECTIVE ORDER

The Parties represent that the overriding interest in the requested protection overcomes any right the public may have to access this type of information, and that, given the nature of the dispute and the high-profile parties involved, there is a substantial probability that the Parties' interest will be prejudiced if they are not permitted to file certain documents under seal. The Parties agree to only designate the most sensitive and potentially harmful documents as confidential and to work in good faith to ensure that this Order remains narrowly tailored and limited in scope.

The provisions of this Amended Order are set forth below:

1. *Designated Materials*: Any party in this action or any third-party witness shall have the right to designate any material produced during discovery (including exhibits, documents and things produced by any party or witness, electronic files, disks or DVDs, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts) which comprises or contains information which such party or witness claims in good faith to constitute trade secrets, confidential research (including market research, surveys, and demographic information), product development, the development and creation of advertising, commercial information (including business plans and license agreements), financial information (including sales and profit figures and advertising expenditures) or personnel information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," depending on the level of protection necessary. Any documents filed with the Court or produced or provided by any party or non-party in the course of discovery or other proceedings in this action may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" so long as a good faith and reasonable basis exists for such a designation. Such materials are referred to throughout this Amended Stipulation as "Designated Materials."

Information shall not be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and shall not be subject to any form of protection if it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation

1 of the terms of this Amended Stipulation or as a result of misappropriation from the
2 disclosing party. If a party disagrees with the other party's designation, the party
3 requesting the change in designation shall make such request in writing to counsel for the
4 other party. The requested change shall occur and/or the requested permission shall be
5 granted, unless within ten (10) business days after such notice is received by the other
6 party, an objection is sent to the requesting party. The Parties shall attempt in good faith
7 to resolve any such further dispute by agreement. Any dispute as to the propriety of a
8 party's designation shall be governed by the provisions of paragraph 15.

9 The failure to immediately challenge a designation shall not constitute
10 acquiescence to such designation and a challenge to such can be made at any time.

11 **2.** *Marking and Deposition Procedures*: Documents and other discovery
12 materials shall be designated by labeling such documents and materials in a visible
13 manner with an appropriate legend stamped or affixed thereto, or by a manner mutually
14 agreeable to the Parties if the materials cannot be readily so labeled. Deposition
15 transcripts or portions thereof may be designated as confidential by a party or third-party
16 witness either: (a) before the testimony is taken, in which case the portion of the
17 transcript of the designated testimony shall be bound in a separate volume and marked
18 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the reporter, as the
19 designating party may direct; or (b) by written notice to the reporter and all counsel of
20 record, given within twenty (20) business days after the reporter sends written notice to
21 the deponent or the deponent's counsel that the transcript is available for review, in
22 which case all counsel receiving such notice shall be responsible for marking the copies
23 of the designated transcript or portion thereof in their possession or control as directed by
24 the designating party or witness. Pending expiration of the twenty business days, all
25 Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition
26 transcript as if it had been designated "CONFIDENTIAL" or "ATTORNEYS' EYES
27 ONLY." No person shall attend the designated portions of such depositions unless such
28

person is an authorized recipient of Designated Materials under the terms of this Amended Stipulation.

3. *__Restriction on Disclosure and Use__*: No person may use or disclose Designated Materials or information derived from such materials (excluding information which is derived lawfully from an independent source) except for purposes of this action and as set forth in this or any further order of the court; but nothing contained in this Amended Stipulation shall affect the right of a party or other witness to use its own Designated Materials as it sees fit. In addition, and without limiting the foregoing, except as provided in paragraphs 4 and 9, no receiving party, including any consultants or employees of a receiving party, shall be given access to Designated Materials of any producing party, nor shall the contents or substance of any Designated Materials be disclosed to any such person.

4. *__Access – "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY"__*:

(a) Designated Materials marked "CONFIDENTIAL" shall be available only to (1) counsel of record for the named Parties, their partners, associates and employees, (2) in-house counsel of the named Parties in this action, and (3) the named Parties to this action (including current officers and employees). Materials marked "CONFIDENTIAL" may also be disclosed to outside consultants if the consultant is not already otherwise retained by the party outside the context of this litigation, but only after the outside consultant signs a copy of the Acknowledgement of Confidentiality Order in the form of Exhibit "A" attached hereto, including all the information to be completed therein, and agrees to be bound by all terms and conditions of this Amended Stipulation. Counsel to whom Designated Materials are produced shall keep in his or her files an original of each such signed Acknowledgement of Confidentiality Order.

(b) Designated Materials marked "ATTORNEYS' EYES ONLY" shall be available only to counsel of record in this action and in-house counsel for the Parties who are attorneys actively and primarily involved in the management and supervision of

litigation for their employers, and the supporting personnel employed by the attorneys, such as paralegals, secretaries, clerks, and document copiers.

**5.** *Procedures for Filing Designated Material*: Designated Materials marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be included with, or referred to in, papers filed with the Court where this case is now pending or in any subsequent appellate courts only in accordance with the following procedures:

(a) If Designated Materials are included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; the application must show good cause or compelling reasons (depending upon the procedural context) for the under seal filing. The application shall be directed to the Judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

(b) The documents marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must be submitted for filing under seal or lodged with the court in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER--NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES."

(c) All papers filed with the court, including but not limited to pleadings and memoranda of law, which quote, incorporate, refer to, or cite information set forth in Designated Materials marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must be submitted for filing under seal or lodged with the court in accordance with the terms and procedures set forth in this Amended Stipulation, including the procedures for filing materials set forth above in paragraphs 5(a)-(b). Counsel for the Parties shall be responsible for designating all papers filed with the court as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" depending on the contents of the papers being filed.

1  Such papers shall be subject to the terms of this Amended Stipulation to the same extent
2  as the Designated Materials described in paragraphs 1 through 4.

3     (d) All materials and papers submitted for filing under seal or lodged with the
4  court much clearly be marked "filed under seal" or "lodged with the court."

5     (e) In addition to the copy lodged with the court, a copy of all sealed materials and
6  papers must be served on opposing counsel. Counsel for all Parties shall be obligated to
7  retain a copy of all sealed materials in the event of an appeal.

8     (f) At the conclusion of scheduled hearings, the party filing documents under seal
9  shall request permission to retrieve them from the court and retain them intact. In the
10 event of an appeal, the party preparing the record extract shall separately bind all
11 materials or papers filed under seal which are designated for inclusion in the record
12 extract. By joint motion, the Parties shall request that the sealed contents of the record
13 extract be sealed, lodged with the court or otherwise segregated from public inspection in
14 accordance with the local rules of court. The procedures set forth in this paragraph shall
15 be repeated for all documents and papers filed under seal in each court where a hearing,
16 proceeding, or appeal is docketed.

17    (g) Prior to including or referring to any Designated Materials in a court filing, the
18 Parties agree to meet and confer to discuss appropriate procedures for the filing and
19 whether any stipulations can be reached that would either obviate the need for inclusion
20 of or reference to Designated Materials in the filing or support a request to file
21 Designated Materials under seal.

22 **6.** *Redacted Filings***:** The Parties shall request that redacted versions of
23 materials or papers may be filed under seal or lodged with the court in accordance with
24 normal procedures and made publicly available provided that:

25    (a) All references to Designated Materials are deleted or obscured and all
26 Designated Materials are removed as exhibits; and

6
AMENDED PROTECTIVE ORDER
LA 129,432,301v3 5-26-11

(b) Redacted versions are clearly marked "Public Version Confidential Material Omitted." Redacted versions must also clearly identify each place where information or exhibits have been deleted.

**7.** *Agreement***:** In no event shall any Designated Materials, papers, or information derived directly from either source be disclosed to any person other than those who have agreed to be bound by the terms of this Amended Stipulation (or court personnel) except by order of the Court or by written stipulation of the Parties. All persons entitled under this Amended Stipulation to receive Designated Materials, except counsel for the Parties, their regularly employed staffs, and Court personnel, shall represent their willingness to be bound by this Amended Stipulation on behalf of themselves and the named party for whom they are employed.

**8.** *Disclosure to Authors and Previous Recipients***:** The designation of any document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not preclude any party from showing such document to any person who appears as the author or as a recipient on the face of the document. This paragraph applies only to Designated Materials, and does not permit disclosure of confidential court papers except as set forth elsewhere in this Amended Stipulation.

**9.** *Procedure for Seeking Additional Disclosures***:** Prior to disclosure of any Designated Materials other than as provided in paragraphs 3, 4 and 8 above, counsel desiring to make such disclosure shall first provide ten (10) business days prior written notice of his or her intent to make such disclosure to counsel for the designating party or third-party witness, stating therein the specific material to be disclosed and the name, address, and position of the person to whom such disclosure is to be made. If within this ten (10) business day period the designating party or third-party witness gives written notification of an objection to the disclosure to counsel desiring to make the disclosure, no disclosure shall be made except by order of the Court. In the event of such a dispute regarding the designation or disclosure of confidential information, the procedure for obtaining a decision from the Court shall be that set forth in Local Rule 37. If the Parties

7
AMENDED PROTECTIVE ORDER
LA 129,432,301v3 5-26-11

wish to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request. The Parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal. *Prior* to any disclosure, other than as provided in paragraphs 3, 4, and 8 above, the person to whom the proposed disclosure shall be made must sign a copy of the Acknowledgement of Confidentiality Order set forth as Exhibit A to this Amended Stipulation, and agree to be bound by all terms and conditions of this Amended Stipulation. The acknowledgement shall be retained by counsel for the party obtaining it, and distributed upon final disposition of this action as set forth in paragraph 14 below.

**10.** *Subpoena of Designated Material***:** If a party in possession of Designated Materials receives a subpoena from a non-party to this Amended Stipulation seeking production or other disclosure of Designated Materials, that party shall, unless legally prohibited, give immediate notice to counsel for the party that designated the materials "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" so that the designating party can intervene on its own behalf. In addition, unless legally prohibited, under no circumstances may any production or disclosure of Designated Materials take place without giving written notice to counsel for the designating party at least seven (7) business days prior to production or disclosure. Such notice should state the Designated Materials sought and enclose a copy of the subpoena.

**11.** *Responsibility of Attorneys***:** Counsel of record shall be responsible for providing a copy of this Amended Stipulation and concurrently filed Amended Protective Order to all persons entitled to review Designated Materials pursuant to paragraphs 3, 4, and 8 above, and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials and papers so designated. No person shall duplicate any Designated Materials except as contemplated by this Amended Stipulation, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel or Court personnel for use as working copies.

8
AMENDED PROTECTIVE ORDER
LA 129,432,301v3 5-26-11

**12.** *Disclosure of Designated Materials at Trial or Pretrial Hearings*:

(a) Pretrial Hearings: If a party anticipates that it may disclose any Designated Materials at trial or a pretrial hearing in this action, it shall give at least forty-eight (48) hours notice to the court and all other Parties of such anticipated disclosure specifying that the information disclosed is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". When such notice has been given, counsel shall join in a request for an *in camera* or similarly confidential proceeding during the disclosure of the Designated Materials. The requirement of advance notice shall not apply to a disclosure of Designated Materials in rebuttal or response to another party's oral argument at the hearing where the need for such disclosure could not be reasonably anticipated in advance of the hearing, or to Designated Materials previously filed under seal. However, prior to disclosing any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a reply or rebuttal argument, counsel shall inform the court and opposing counsel of his or her intention to do so and of the designation of the information to be disclosed. He or she shall then request, or give counsel for the designating party the opportunity to request, an *in camera* or similarly confidential proceeding during the disclosure of the designated information.

(b) Trial: Once a case proceeds to trial, all of the information that was designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and/or kept and maintained pursuant to the terms of this Amended Stipulation becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the Judge in advance of the trial to proceed otherwise.

**13.** *Reference to this Stipulation at Trial*: The Parties shall jointly move for an order *in limine* prohibiting any reference at the trial of this matter in the presence of a jury to the existence of this Amended Stipulation or to the effect that certain information is subject to this Amended Stipulation.

**14.** *Final Disposition*: Upon the final disposition of this action, the attorneys for the Parties shall return any materials or papers filed with the Court which are

designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the party or witness from whom they were obtained or destroy all such materials, papers, disks and DVDs, and all copies of such materials, papers, disks and DVDs, pursuant to the instructions of the designating party, unless otherwise agreed to by the designating party or ordered by the court. Counsel of record, however, shall be entitled to maintain one set of materials and papers filed with the court which may contain or refer to Designated Materials. If no instructions are received, all Designated Materials and papers may be destroyed 180 days after the conclusion of a final nonappealable judgment or determination. When Designated Materials or papers have been destroyed pursuant to this provision, a certificate of destruction shall be prepared and provided to counsel for the opposing party indicating that such material has been destroyed. In addition, upon final disposition of this action, counsel of record shall furnish copies of all signed acknowledgements obtained in accordance with the provisions of paragraphs 3, 4, and 8 above to all other counsel of record.

**15.** *Procedure for Modification of Stipulation/Objection to Designation*: No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation. Any party objecting to the designation of any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall follow the foregoing procedure:

(A) The challenging party must give counsel for the designating party written notice of its challenge that (i) identifies the bates number(s) of the documents challenged; and (ii) sets forth the new designation requested (i.e. if a document is identified "Attorneys Eyes Only" the challenging party may agree to designate the same as "Confidential" or "no designation permissible") (hereinafter "Notice of Challenge")

(B) Within five (5) business days of receipt of the Notice of Challenge, the designating party must send to the challenging party a written meet and confer letter

1 setting forth its reasons for maintaining the original designation or otherwise designating at a lower level in a good faith effort to resolve the parties' differences ("Written M&C").

    (i) If the designating party fails to timely submit a Written M&C, the designating party thereby waives its rights to object to the new designation indicated by the challenging party, and such identified document(s) shall automatically take on the challenging party's new designation.

    (C) If the challenging party disagrees with any portion of the Written M&C, the challenging party must do so in writing, within 5 (five) days of receipt of the Written M&C. If the challenging party fails to send the written notice of disagreement, then the challenged document(s) shall continue to retain its original designation.

    (D) To the extent the challenging party disagrees to any portion of the Written M&C, then the designating party shall have seven (7) days from written notice of such disagreement to bring a Motion for Protective Order maintaining the designating party's original designation, or a lower one, pursuant to the applicable rules of civil procedure. If the designating party fails to bring a Motion for Protective Order within seven (7) days, the designating party shall thereafter waive its right to object to the new designation indicated by the challenging party, and such identified document(s) shall automatically take on the challenging party's new designation.

The parties agree that the Written M&C and Notice of Disagreement shall satisfy the meet and confer requirements of local rules 7-3 and 37-2, and nothing in such procedure shall prejudice the challenging party from opposing the designating party's Motion for Protective Order, including without limitation bringing new arguments that were never previously addressed.

The Court may modify or amend this Amended Stipulation or its Amended Protective Order as it deems appropriate.

**16.** *Effective Date*: This Amended Stipulation shall be effective on the date of its execution.

**17.** *Termination***:** The termination of this action shall not automatically terminate the effectiveness of this Amended Stipulation and persons subject to this Amended Stipulation shall be bound by the confidentiality obligations of this Amended Stipulation until the designating party agrees otherwise in writing or this Court (or any other court of competent jurisdiction) orders otherwise.

**IT IS SO ORDERED**

Dated: June 3, 2011                    By:_____/s/_____
                                              Honorable Jacqueline Chooljian
                                              United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA,
## WESTERN DIVISION

| | |
|---|---|
| L.A. TRIUMPH, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MADONNA LOUISE VERONICA CICCONE, an individual; MATERIAL GIRL BRAND, LLC, a Delaware limited liability company; MG ICON, a Delaware limited liability company; MACY'S RETAIL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV 10-6195 SJO (JCx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br><br><br>Judge: Hon. S. James Otero |

I acknowledge that I have been given a copy of, read, and understand the Amended Stipulation Governing the Use of Confidential Material and the Amended Protective Order Governing the Use of Confidential Material ("Amended Protective Order") entered in the above-captioned lawsuit.

I further acknowledge and agree to comply with the terms of the Amended Protective Order and be bound by it. I acknowledge, understand, and agree that by receiving confidential information hereunder I am subject to penalty for contempt of court for any violation of the terms of the Amended Protective Order.

Dated: _____          _____
                                Name of Individual to whom
                                disclosure will be made

                                _____
                                Address, including County and State of
                                Residence

---

1
AMENDED PROTECTIVE ORDER--EXHIBIT A

*LA 129,432,301v3 5-26-11*